1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  TOM BLAKE
   Deputy Attorney General
3  State Bar No. 51885
   455 Golden Gate Avenue, Suite 11000
4  San Francisco, CA 94102-3664
   Telephone: (415) 703-5506
5  Fax: (415) 703-5480
   Email: tom.blake@doj.ca.gov

6
   Attorneys for Defendants the Honorable Conrad J.
7  Cox and the Honorable Cindee Mayfield, Judges of
   the Superior Court of California

8
                  IN THE UNITED STATES DISTRICT COURT
9
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
                        SAN FRANCISCO DIVISION
11

12  | **MICHAEL S. WHITE, pro se,** | C07-3815 PJH |

13  Plaintiff,

**NOTICE OF HEARING; MOTION
14      v.                                   TO DISMISS COMPLAINT [Rule
                                             12(b), F.R.C.P., ]; POINTS AND
15  JUDGE CONRAD L. COX, an individual,      AUTHORITIES IN SUPPORT
    JUDGE CINDEE MAYFIELD, an individual,    THEREOF**
16  Presiding Judge of the Superior Court of
    California, County of Mendocino,         Date:    March 19, 2008
17                                           Time:    9:00 a.m.
                              Defendants.    Ctrm:    3 - 17th Floor
18

19  **TO: PLAINTIFF MICHAEL S. WHITE:**

20      PLEASE TAKE NOTICE that on March 19, 2008., in courtroom 3, on the 17th Floor of the

21  United States Courthouse, located at 450 Golden Gate Avenue, San Francisco, CA 94102,

22  defendants the Honorable Conrad J. Cox and the Honorable Cindee Mayfield, Judges of the Superior

23  Court of the State of California, will move for an order pursuant to Rule 12(b), Federal Rules of

24  Civil Procedure, dismissing the complaint and each of the causes of action alleged therein against

25  moving defendants on the grounds that the Court is without subject matter jurisdiction in this matter;

26  that this Court is without jurisdiction as to the State of California and the courts and judicial branch

27  officials thereof; and that the complaint fails to state a claim upon which relief can be granted against

28  the State's judicial officers.

1    This motion is based on this Notice of Motion, the accompanying papers, all other papers and

2  pleadings on file herein, and on such oral and documentary evidence as may be presented at the

3  hearing, if any.

4                              **MOTION TO DISMISS**

5    Defendants the Honorable Conrad J. Cox and the Honorable Cindee Mayfield, Judges of the

6  Superior Court of the State of California, move to dismiss the complaint on file herein on the specific

7  grounds that the Court is without subject matter jurisdiction in this matter; that this court is without

8  jurisdiction as to the State of California and the courts and judicial branch officials thereof; and that

9  the complaint fails to state a claim upon which relief can be granted against the moving defendants.

10    WHEREFORE, moving defendants pray as follows:

11    1.  That the complaint on file herein and each claim for relief alleged therein be dismissed

12  as against moving defendants, and

13    2.  That plaintiff be ordered to take nothing from moving defendants, and

14    3.  That judgment be entered in favor of the moving defendants; and

15    4.  For such other relief as the court deems just.

16    Dated:  February 1, 2008

17                              Respectfully submitted,

18                              /s/ Tom Blake

19
20                              TOM BLAKE
                               Deputy Attorney General

21                              Attorneys for Defendants the Honorable Conrad J. Cox and the
                               Honorable Cindee Mayfield, Judges of the Superior Court of
22                             California

23

24

25

26

27

28

Notice of Hearing; Mot. to Dismiss [Rule 12(b)]; Points & Authorities          Case No.  C07-3815 PJH

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Moving defendants are two judges of the Superior Court of California. Judge Cox, sitting by assignment of the Chief Justice, heard plaintiff's case while it was in state court after remand. Judge Cox granted the federal government's motion, allowing it to join in the state case to defend its lien. Judge Mayfield was the presiding judge of the Mendocino court. (Compl., p. 2.)

Plaintiff's lawsuit was initially filed in state court against the county recorder of Mendocino County. The case concerned the recording of a federal tax lien (Compl., Exh. 3) and was essentially a collateral attack on a federal tax lien in the guise of a suit against the county recorder. The United States had the case removed to district court, but the case was remanded to state court on procedural grounds (See, Order Granting Remand, attached to Compl., as Exh. 1).

After Judge Cox permitted the federal government to join in the state case, the government again removed the case to district court. The plaintiff's federal tax lien has figured in two other cases before this court: *White v. Wharff* et al, cv-06884-PJH and *White v. United States*, No. 07-cv-03708-JSW.[1]

### ARGUMENT

### I.

### ABSOLUTE JUDICIAL IMMUNITY BARS THIS SUIT AGAINST THE STATE OF CALIFORNIA'S JUDICIAL OFFICERS.

As the moving defendants are sued for their adjudication of plaintiff's state court case, they are cloaked in absolute judicial immunity. The complaint alleges judicial decisions, including the decision by Judge Cox to permit the United States to defend its tax lien in the Superior Court (Compl, Exh. 3). Because the essence of the complaint is that errors in judicial determinations made in adjudicating a case before the Superior Court caused injury, there is absolute judicial immunity.

The U.S. Supreme Court long ago established the rule that judges are immune from civil suits

---

1. On October 17, 2007, this Court determined that those two cases were not related within the meaning of Civil L. R. 3-12 (Docket Item #9, case No. -cv-06884-PJH).

1    arising out of the exercise of their judicial functions. *Mireles v. Waco*, 502 U.S. 9 (1991); *Pierson*

2    *v. Ray*, 386 U.S. 547, 554 (1967). Indeed, "it is a general principle of the highest importance to the

3    proper administration of justice that a judicial officer, in exercising the authority vested in him, shall

4    be free to act upon his own conviction, without apprehension of personal consequences to himself."

5    *Bradley v. Fisher*, 80 U.S. 335, 346 (1872).

6        The immunity is broadly construed for sound public policy reasons. The United States Supreme

7    Court set forth the scope of judicial immunity in *Pierson v. Ray, supra*, 386 U.S. 547 (1967):

8          "This immunity applies even when the judge is accused of acting maliciously
      and corruptly, and it is ***not for the protection or benefit of a malicious or***

9          ***corrupt judge, but for the benefit of the public, whose interest it is that the***
      ***judges should be at liberty to exercise their functions with independence*** and

10         without fears of consequences [citations]." (386 U.S. 547, at 554; emphasis
      added.)

11   

12       In *Stump v Sparkman*, 435 U.S. 349 (1978), which is cited in the plaintiff's complaint at page

13   11, lines 17-18, the Supreme Court reiterated that judicial officers are entitled to judicial immunity

14   for any "judicial act:"

15         "A judge will not be deprived of immunity because the action he took was in
      error, was done maliciously, or was in excess of his authority; rather, he will be
      subject to liability only in the 'clear absence of all jurisdiction.'[citation.]" (435

16         U.S. 349, at 356-357.)

17       Judicial officers are absolutely immune from section 1983 liability for their judicial acts, "even

18   when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or

19   corruptly." *Stump v. Sparkman, supra*, 435 U.S. 349, 356 (1978); *Ashelman v. Pope*, 793 F.2d 1072,

20   1075 (9th Cir. 1986). An act is "judicial" when it is a function normally performed by a judge and

21   the parties dealt with the judge in his or her judicial capacity. *Stump v. Sparkman, supra*, 435 U.S.

22   at 362. In *Crooks v. Maynard*, 913 F.2d 699, at 701 (9th Cir. 1990), the Court of Appeals cites

23   *Stump, supra* for the proposition that, in this context, jurisdiction is to be broadly construed.

24       Judicial immunity applies "however erroneous the act may have been, and however injurious

25   in its consequences it may have proved to the plaintiff." *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th

26   Cir. 1996)(superceded by statute as to other grounds, *Meinhold v. Sprint Spectrum, L.P.*, 2007 WL

27   1456141 (E.D. Cal. 2007)). This immunity is not merely as to suits for damages but extends also to

28   declaratory, injunctive, or other forms of equitable relief. *Moore, supra,* 1243-44.

1

## II.

**JUDGE COX WAS DULY ASSIGNED AS A JUDGE OF THE SUPERIOR COURT BY ORDER OF THE CHIEF JUSTICE OF CALIFORNIA;   CALIFORNIA RULES OF COURT DO NOT REQUIRE SUPERIOR COURT JUDGES TO POST A BOND.**

The complaint alleges that, when Judge Cox ruled against the plaintiff and allowed the United States to defend its tax lien, the judge *"did not have an oath of office and he did not have a current bond* as required by Article 6 of the California constitution . . . " (Compl., pg. 4, lines 18-22; emphasis in original).   However, the Honorable Conrad L. Cox is a retired Judge of the Superior Court who was duly appointed to sit as a judge of the Superior Court of California, County of Mendocino. (Exh. C).  The Chief Justice of California is empowered by the State Constitution to appoint a retired judge to "any court." Cal. Const., Art. 6, Sec. 6(e).  Article 6 of the California Constitution (attached in its entirety as Exh. B) does not require that Superior Court judges post a bond and the undersigned is unaware of any requirement that Superior Court judges post bond.

The complaint cites Rule 243.31, California Rules of Court for the proposition that Judge Cox lacked jurisdiction (Compl., pg. 5-6)[2].  Contrary to the complaint's implication, Judge Cox was not an attorney acting as a temporary judge by stipulation of the parties.    Judge Cox decided plaintiff's motion in the capacity as a Judge of the Superior Court sitting in the Mendocino County Superior Court by assignment of the Chief Justice (see Exh. C, supra).

## III.

**UNDER   THE   ROOKER-FELDMAN DOCTRINE, THE DISTRICT COURT LACKS JURISDICTION TO REVIEW STATE COURT JUDGMENTS AND ORDERS.**

On September 28, 2006, this court granted plaintiff's motion to remand *White v. Wharff et al*, cv-06884-PJH, to state court (Compl., Exh. 1). In state court, Judge Cox, a defendant herein,

---

2.  The rule was amended and renumbered as Rule 2.831, effective Jan. 1, 2007.  A copy of Rule 2.831 is attached as Exh. D.

1   granted the United States' motion to intervene (Compl., Exh. 3). Although the state court case[3/] was

2   (again) removed to federal court, plaintiff nonetheless took a pro se appeal in the state Court of

3   Appeal. His state court appeal was dismissed on the unopposed motion of the United States, and

4   Plaintiff's motion for reconsideration was denied by the Court of Appeal. The state appellate court

5   disposition is therefore final. There was no appeal to the California Supreme Court (See California

6   Court of Appeal docket, attached as Exh. A).

7           Although the plaintiff is dissatisfied with the results of state court litigation concerning his

8   federal tax lien, this federal court is not the appropriate place to relitigate the state court decision to

9   allow the federal government to defend its tax lien. The state court matter became final in the

10  California intermediate appellate court on May 30, 2007 (see Exh. A) without a petition for review

11  by the California Supreme Court. Federal district courts are not appellate tribunals empowered to

12  review state court actions for alleged errors. *Atlantic Coast Line Railroad Co. v. Brotherhood of*

13  *Locomotive Engineers*, 398 U.S. 281, 296 (1970); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415

14  (1923). A federal court has no jurisdiction over issues that are inextricably intertwined with

15  allegations underlying the judgment of a state court. Here, the state court decided that the United

16  States should be allowed to participate in state court litigation involving a tax lien (Compl., Exh 3).

17  It is neither necessary nor proper for this district court to decide whether that Superior Court decision

18  was correct or not. Even had the state Superior Court been in error, any further appeal of the state

19  court decision does not lie in the District Court.[4/] In *District of Columbia Court of Appeals v.*

20  *Feldman,* 460 U.S. 462, 486-87 (1983), the U.S. Supreme Court held that district courts may

21  exercise only original jurisdiction. The U.S. Supreme Court has exclusive jurisdiction to review

22  state decisions. *Id.* at 486. See also 28 U.S.C. §1257.

23

24

---

25      3. Denominated *White v. Wharff as Mendocino County Assessor Recorder et al*, Mendocino
26  County Superior Court case No. CVPT0697243 in state court..

27      4. The District Court does have jurisdiction over the federal tax lien litigation that the United
    States has again removed to this court, but that is a separate matter from this lawsuit against the
28  California judges.

1    Further, district courts lack jurisdiction to review final state court determinations even when

2    the challenge to the state court decision involves federal constitutional issues. *Branson v. Nott*, 62

3    F.3d 287, 291-92 (9th Cir. 1995); *Worldwide Church of God v. McNair*, 805 F.2d 888, 890-891 (9th

4    Cir. 1986). Characterizing the action as a general constitutional challenge is of no avail to plaintiff;

5    district courts have no jurisdiction where it appears on the face of the complaint that the action seeks,

6    in effect, a review of the merits of a state court action.[5]  As the court noted in *Louis v. Supreme Ct.*

7    *of Nevada*, 490 F.Supp. 1174 (D.Nev. 1980):

8    > "If the constitutional issues had been raised in the State Supreme Court and decided
>    erroneously, appeal to the United States Supreme Court would have been the only
9    > available procedure to correct the error; the jurisdiction of the U.S. District Courts
>    is original only, and not appellate. [citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413,
10   > 44 S.Ct. 149, 68 L.Ed. 362 (1923)." (*Louis v. Supreme Ct. of Nevada, supra*, 490
>    F.Supp. 1174, 1179.)

11                                          **IV.**

12
     **THE ELEVENTH AMENDMENT BARS THIS**
13   **SUIT.**

14    The Eleventh Amendment bar applies to suits seeking injunctive or declaratory relief against

15   a state or its agencies as well as to suits seeking damages. *Alabama v. Pugh*, 438 U.S. 781 (1973);

16   *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422-23 (9th Cir. 1991); *Franceschi v. Schwartz*, 57 F.3d

17   828, 830-31 (9th Cir. 1995); *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103,

18   1110 (9th Cir. 1987). In *Pugh, supra*, the State of Alabama and its Department of Corrections

19   maintained that a mandatory injunction against them was unconstitutional because the Eleventh

20   Amendment prohibits federal courts from entertaining suits against states and their agencies. The

21   U.S. Supreme Court agreed:

22   > "There can be no doubt, however, that suit against the State and its
>    Board of Corrections is barred by the Eleventh Amendment, unless
23   > Alabama has consented to the filing of such a suit." (*Alabama v.*
>    *Pugh, supra*, 438 U.S. 781, 782.)
24
     The Eleventh Amendment bars suits that seek either damages or injunctive relief against a
25

26   ─────────────────────────────────────────────

27    5. A district court may, *sua sponte*, sanction such a frivolous and abusive attempted use of
     judicial process by awarding attorney fees under 42 U.S.C. §1988. *Branson v. Nott, supra*, 62 F.3d
28   at 292.

1   state, an arm of a state, or the state''s instrumentalities or agencies. *Will v. Michigan Dept. of State*

2   *Police,* 491 U.S. 58, 66 (1967); *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422-23 (9th Cir. 1991).

3   Thus, the State, the state courts, and the State's judicial officers in their official capacities are entitled

4   to Eleventh Amendment immunity.  *Austin v. State Indus. Insur. Sys.*, 939 F.2d 676, 677 (9th Cir.

5   1991); *Franceschi v. Schwartz*, 57F.3d 828, 830-31 (9th. Cir. 1994); *Greater Los Angeles Council*

6   *on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987).

7   V.

8
9   **THE STATE OF CALIFORNIA AND THE STATE'S JUDICIAL OFFICERS ACTING IN THEIR OFFICIAL CAPACITY ARE NOT "PERSONS" SUBJECT TO 42 U.S.C. §1983.**
10

11
12   Plaintiff alleges jurisdiction under 42 U.S.C. section 1983 (Compl. pg. 7, lines 14-24).

13   However, only a "person" may be sued under 42 U.S. Code §1983.  The United States Supreme

14   Court, after extensive review of the legislative history of section 1983, has held that the States and

15   their officials are not "persons" within the meaning of section 1983. *Will v. Michigan Depot of State*

16   *Police, supra*, 491 U.S. 58, 65;  *Quern v. Jordan*, 440 U.S. 332, 341-42 (1979). Accordingly,

17   plaintiff's action against judicial officers of the State of California acting in their official capacity

18   is barred.

19   **CONCLUSION**

20   For the foregoing reasons, and because amendment would be patently futile, the complaint

21   should be dismissed with prejudice.

22
23
24
25
26
27
28

1

Dated:  February 1, 2008

2

Respectfully submitted,

3

4

/s/ Tom Blake

5

6

TOM BLAKE
Deputy Attorney General

7

Attorneys for Defendants the Honorable Conrad J. Cox and the
Honorable Cindee Mayfield, Judges of the Superior Court of
California

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

California Courts - Appellate Court Case Information          http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.c...

# CALIFORNIA APPELLATE COURTS
### Case Information



**Welcome**

**Search**

**E-mail**

**Calendar**

**Help**

**Opinions**

C|C
home

## 1st Appellate District

Change court ▼

**Attention: 1st District Court of Appeal database and email registration will be offline from 8:00PM Friday, February 1 to 7:00AM Monday, February 4 for server maintenance. Your patience is appreciated.**

Court data last updated: 01/30/2008 02:05 PM

**Case Summary   Docket   Scheduled Actions   Briefs**
**Disposition   Parties and Attorneys   Trial Court**

## Case Summary

| | |
|---|---|
| **Trial Court Case:** | CVPT0697243 |
| **Court of Appeal Case:** | **A116226** |
| **Division:** | 4 |
| **Case Caption:** | White v. Wharff as Mendocino County Assessor Recorder et al. |
| **Case Type:** | |
| **Filing Date:** | 11/20/2006 |
| **Oral Argument Date/Time:** | |

## Cross Referenced Cases

No Cross Referenced Cases Found

**Click here** to request automatic e-mail notifications about this case.

© 2007 Judicial Council of California

# CALIFORNIA APPELLATE COURTS
### Case Information



Welcome
Search
E-mail
Calendar
Help
Opinions

## 1st Appellate District

Change court ▼

**Attention: 1st District Court of Appeal database and email registration will be offline from 8:00PM Friday, February 1 to 7:00AM Monday, February 4 for server maintenance. Your patience is appreciated.**

Court data last updated: 01/30/2008 01:05 PM

C|C
home

**Case Summary**   **Docket**   **Scheduled Actions**   **Briefs**
**Disposition**   **Parties and Attorneys**   **Trial Court**

## Trial Court

**White v. Wharff as Mendocino County Assessor Recorder et al.**
**Division 4**
**Case Number A116226**

| | |
|---|---|
| **Trial Court Name:** | Mendocino County Superior Court |
| **County:** | Mendocino |
| **Trial Court Case Number:** | CVPT0697243 |
| **Trial Court Judge:** | |
| **Trial Court Judgment Date:** | |

**Click here** to request automatic e-mail notifications about this case.

© 2007 Judicial Council of California

# CALIFORNIA APPELLATE COURTS
### Case Information



## 1st Appellate District

Change court ▼

Welcome
Search
E-mail
Calendar
Help
Opinions


home

**Attention: 1st District Court of Appeal database and email registration will be offline from 8:00PM Friday, February 1 to 7:00AM Monday, February 4 for server maintenance. Your patience is appreciated.**

Court data last updated: 01/30/2008 02:05 PM

Case Summary   Docket   Scheduled Actions   Briefs
Disposition   Parties and Attorneys   Trial Court

## Parties and Attorneys

**White v. Wharff as Mendocino County Assessor Recorder et al.**
**Division 4**
**Case Number A116226**

| Party | Attorney |
|-------|----------|
| White, Michael S. : Plaintiff and Appellant<br>PO Box 304<br>Hopland, CA | Pro Per |
| Wharff as Mendocino County Assessor Recorder, Marsha A. : Defendant and Respondent | Jeanine B. Nadel<br>Office Of County Counsel<br>501 Low Gap Road - Room 1030<br>Ukiah, CA 95482 |
| United States : Defendant and Respondent | Marion E.M. Erickson<br>United States Department of Justice<br>Tax Division<br>PO Box 502<br>Washington, DC 20044<br><br>Kevin Vincent Ryan<br>United States Attorney<br>450 Golden Gate<br>P O Box 36055<br>San Francisco, CA 94102 |

**Click here** to request automatic e-mail notifications about this case.

©2007 Judicial Council of California

California Courts - Appellate Court Case Information    http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist...

# CALIFORNIA APPELLATE COURTS
## Case Information



**Welcome**

**Search**

**E-mail**

**Calendar**

**Help**

**Opinions**

## 1st Appellate District

Change court 

**Attention: 1st District Court of Appeal database and email registration will be offline from 8:00PM Friday, February 1 to 7:00AM Monday, February 4 for server maintenance. Your patience is appreciated.**

Court data last updated: 01/30/2008 02:05 PM

C|C
home

**Case Summary    Docket    Scheduled Actions    Briefs
Disposition    Parties and Attorneys    Trial Court**

## Docket (Register of Actions)

**White v. Wharff as Mendocino County Assessor Recorder et al.**
**Division 4**
**Case Number A116226**

| Date | Description | Notes |
|---|---|---|
| 12/27/2006 | Notice of appeal lodged/received. | |
| 12/27/2006 | Notified parties of local rules and procedures. | |
| 12/27/2006 | Filing fee. | M White; check |
| 12/27/2006 | Received: | designation clerks/reptrs filed 11/20/06 |
| 01/09/2007 | Notice to reporter to prepare transcript. | CSR Elaine Shore dated 12-8-06 |
| 01/16/2007 | Notice of record completion received. | |
| 01/16/2007 | Record on appeal filed. | c-1-r-1 |
| 01/19/2007 | Notice of appeal lodged/received. | Michael White; 12/08/06 amended NOA |
| 02/02/2007 | Motion to dismiss filed (after record). | from respondent USA; |
| 02/14/2007 | Appellant's opening brief. | 8.25 filing; via fedex; shipped 2/13; |
| 03/06/2007 | Civil case information statement filed. | by aplt Michael White, In Pro Per. |

California Courts - Appellate Court Case Information        http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist...

| 02/16/2007 | Filed document entitled: | joinder in intervenor's motion to dismiss appeal for lack of jurisdiction; from rspt Marsha A. Wharff; |
|---|---|---|
| 02/27/2007 | Filed document entitled: | motion to deny enjoinder in intervenor's appeal for lack of jurisdiction...; from aplt White; |
| 03/07/2007 | Dismissal order filed. | The unopposed motion of intervenor/respondent United States of America, as joined by defendant/respondent County of Mendocino, to dismiss this appeal, which was filed November 20, 2006, is granted and this appeal is hereby dismissed. |
| 03/21/2007 | Motion filed. | motion for reconsideration of notice of appeal; from appellant; |
| 04/16/2007 | To court. | motion for reconsideration; no oppo received for fiilng; |
| 04/25/2007 | Order filed. | Good cause lacking, appellant Michael S. White's motion for reconsideration of this court's March 7, 2007 dismissal order is denied. This appeal remains dismissed. |
| 05/30/2007 | Remittitur issued. | |
| 05/30/2007 | Case complete. | |
| 10/15/2007 | Shipped to state retention center, box # / list #: | L260 |

**Click here** to request automatic e-mail notifications about this case.

© 2007 Judicial Council of California

1/30/2008 2:08 PM

California Courts - Appellate Court Case Information                http://appellatecases.courtinfo.ca.gov/search/case/disposition.cfm?di...

# CALIFORNIA APPELLATE COURTS

### Case Information



## 1st Appellate District

| Change court ☑ |
| --- |

**Attention: 1st District Court of Appeal database and email registration will be offline from 8:00PM Friday, February 1 to 7:00AM Monday, February 4 for server maintenance. Your patience is appreciated.**

Welcome
Search
E-mail
Calendar
Help
Opinions

C|C
home

Court data last updated: 01/30/2008 02:05 PM

**Case Summary   Docket   Scheduled Actions   Briefs
Disposition   Parties and Attorneys   Trial Court**

## Disposition

**White v. Wharff as Mendocino County Assessor Recorder et al.
Division 4
Case Number A116226**

| Description: | Dismissed by motion |
| --- | --- |
| Date: | 03/07/2007 |
| Status: | Final |
| Publication Status: | |
| Author: | |
| Participants: | , |
| Case Citation: | |

**Click here to request automatic e-mail notifications about this case.**

© 2007 Judicial Council of California

EXHIBIT B

Westlaw.

West's Annotated California Codes Currentness
  Constitution of the State of California 1879 (Refs & Annos)
      Article VI. Judicial (Refs & Annos)
        → § 11a. Repealed Nov. 7, 1950


§ 25. Repealed Nov. 6, 1956


§ 26a. Repealed Nov. 6, 1962


§§ 10a, 10b. Repealed Nov. 8, 1966


§§ 10a, 10b. Repealed Nov. 8, 1966


§ 15.5. Repealed by Stats.1988, Res.Ch. 65 (A.C.A. 12) (Prop. 91), operative Jan. 1, 1995


§ 5.5. Repealed. June 8, 1976


§§ 23, 24. Repealed Nov. 8, 1966


§§ 23, 24. Repealed Nov. 8, 1966


§ 26. Repealed Nov. 8, 1966


§§ 1a to 1c. Repealed. Nov. 8, 1966


§§ 1a to 1c. Repealed. Nov. 8, 1966


§§ 1a to 1c. Repealed. Nov. 8, 1966


© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**§ 23. Repealed by Stats.2002, Res. c. 88 (A.C.A.15), § 8 (Prop. 48), operative Jan. 1, 2007**

**§ 20. Judges; retirement; causes**

Sec. 20. The Legislature shall provide for retirement, with reasonable allowance, of judges of courts of record for age or disability.

**§ 7. Commission on judicial appointments**

Sec. 7. The Commission on Judicial Appointments consists of the Chief Justice, the Attorney General, and the presiding justice of the court of appeal of the affected district or, if there are 2 or more presiding justices, the one who has presided longest or, when a nomination or appointment to the Supreme Court is to be considered, the presiding justice who has presided longest on any court of appeal.

**§ 18.1. Subordinate judicial officers; oversight and discipline; Commission on Judicial Performance**

The Commission on Judicial Performance shall exercise discretionary jurisdiction with regard to the oversight and discipline of subordinate judicial officers, according to the same standards, and subject to review upon petition to the Supreme Court, as specified in Section 18.

No person who has been found unfit to serve as a subordinate judicial officer after a hearing before the Commission on Judicial Performance shall have the requisite status to serve as a subordinate judicial officer.

This section does not diminish or eliminate the responsibility of a court to exercise initial jurisdiction to discipline or dismiss a subordinate judicial officer as its employee.

**§§ 4a to 4 3/4 . Repealed Nov. 8, 1966**

**§§ 4a to 4 3/4 . Repealed Nov. 8, 1966**

**§§ 4a to 4 3/4 . Repealed Nov. 8, 1966**

**§§ 4a to 4 3/4 . Repealed Nov. 8, 1966**

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Page 3

§§ 4a to 4  3/4 . Repealed Nov. 8, 1966

§§ 4a to 4  3/4 . Repealed Nov. 8, 1966

§§ 4a to 4  3/4 . Repealed Nov. 8, 1966

§ 5. Repealed by Stats.2002, Res. c. 88 (A.C.A.15), § 2 (Prop. 48, approved Nov. 5, 2002, operative Nov. 6, 2002)

§ 18.5. Disciplinary action; disclosure of text; limitations

Sec. 18.5. (a) Upon request, the Commission on Judicial Performance shall provide to the Governor of any State of the Union the text of any private admonishment, advisory letter, or other disciplinary action together with any information that the Commission on Judicial Performance deems necessary to a full understanding of the commission's action, with respect to any applicant whom the Governor of any State of the Union indicates is under consideration for any judicial appointment.

(b) Upon request, the Commission on Judicial Performance shall provide the President of the United States the text of any private admonishment, advisory letter, or other disciplinary action together with any information that the Commission on Judicial Performance deems necessary to a full understanding of the commission's action, with respect to any applicant whom the President indicates is under consideration for any federal judicial appointment.

(c) Upon request, the Commission on Judicial Performance shall provide the Commission on Judicial Appointments the text of any private admonishment, advisory letter, or other disciplinary action together with any information that the Commission on Judicial Performance deems necessary to a full understanding of the commission action, with respect to any applicant whom the Commission on Judicial Appointments indicates is under consideration for any judicial appointment.

(d) All information released under this section shall remain confidential and privileged.

(e) Notwithstanding subdivision (d), any information released pursuant to this section shall also be provided to the applicant about whom the information was requested.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(f) "Private admonishment" refers to a disciplinary action against a judge by the Commission on Judicial Performance as authorized by subdivision (c) of Section 18 of Article VI, as amended November 8, 1988.

## § 19. Judges; compensation

Sec. 19. The Legislature shall prescribe compensation for judges of courts of record.

A judge of a court of record may not receive the salary for the judicial office held by the judge while any cause before the judge remains pending and undetermined for 90 days after it has been submitted for decision.

## § 9. State bar; public corporation; membership

Sec. 9. The State Bar of California is a public corporation. Every person admitted and licensed to practice law in this State is and shall be a member of the State Bar except while holding office as a judge of a court of record.

## § 8. Commission on judicial performance

SEC. 8. (a) The Commission on Judicial Performance consists of one judge of a court of appeal and two judges of superior courts, each appointed by the Supreme Court; two members of the State Bar of California who have practiced law in this State for 10 years, each appointed by the Governor; and six citizens who are not judges, retired judges, or members of the State Bar of California, two of whom shall be appointed by the Governor, two by the Senate Committee on Rules, and two by the Speaker of the Assembly. Except as provided in subdivisions (b) and (c), all terms are for four years. No member shall serve more than two four-year terms, or for more than a total of 10 years if appointed to fill a vacancy.

(b) Commission membership terminates if a member ceases to hold the position that qualified the member for appointment. A vacancy shall be filled by the appointing power for the remainder of the term. A member whose term has expired may continue to serve until the vacancy has been filled by the appointing power. Appointing powers may appoint members who are already serving on the commission prior to March 1, 1995, to a single two-year term, but may not appoint them to an additional term thereafter.

(c) To create staggered terms among the members of the Commission on Judicial Performance, the following members shall be appointed, as follows:

(1) Two members appointed by the Supreme Court to a term commencing March 1, 1995, shall each serve a term

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

of two years and may be reappointed to one full term.

(2) One attorney appointed by the Governor to a term commencing March 1, 1995, shall serve a term of two years and may be reappointed to one full term.

(3) One citizen member appointed by the Governor to a term commencing March 1, 1995, shall serve a term of two years and may be reappointed to one full term.

(4) One member appointed by the Senate Committee on Rules to a term commencing March 1, 1995, shall serve a term of two years and may be reappointed to one full term.

(5) One member appointed by the Speaker of the Assembly to a term commencing March 1, 1995, shall serve a term of two years and may be reappointed to one full term.

(6) All other members shall be appointed to full four-year terms commencing March 1, 1995.

## § 15. Judges of courts of record; qualifications

SEC. 15. A person is ineligible to be a judge of a court of record unless for 10 years immediately preceding selection, the person has been a member of the State Bar or served as a judge of a court of record in this State.

## § 17. Judges; eligibility for other offices or positions; fines or fees; retirement credit

Sec. 17. A judge of a court of record may not practice law and during the term for which the judge was selected is ineligible for public employment or public office other than judicial employment or judicial office, except a judge of a court of record may accept a part-time teaching position that is outside the normal hours of his or her judicial position and that does not interfere with the regular performance of his or her judicial duties while holding office. A judge of a trial court of record may, however, become eligible for election to other public office by taking a leave of absence without pay prior to filing a declaration of candidacy. Acceptance of the public office is a resignation from the office of judge.

A judicial officer may not receive fines or fees for personal use.

A judicial officer may not earn retirement service credit from a public teaching position while holding judicial

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

office.

### § 3. Courts of appeal; districts; divisions; power; concurrence required for judgment; acting presiding justice

Sec. 3. The Legislature shall divide the State into districts each containing a court of appeal with one or more divisions. Each division consists of a presiding justice and 2 or more associate justices. It has the power of a court of appeal and shall conduct itself as a 3-judge court. Concurrence of 2 judges present at the argument is necessary for a judgment.

An acting presiding justice shall perform all functions of the presiding justice when the presiding justice is absent or unable to act. The presiding justice or, if the presiding justice fails to do so, the Chief Justice shall select an associate justice of that division as acting presiding justice.

### § 2. Supreme Court; justices; time for convening; concurrence required for judgment; acting chief justice

Sec. 2. The Supreme Court consists of the Chief Justice of California and 6 associate justices. The Chief Justice may convene the court at any time. Concurrence of 4 judges present at the argument is necessary for a judgment.

An acting Chief Justice shall perform all functions of the Chief Justice when the Chief Justice is absent or unable to act. The Chief Justice or, if the Chief Justice fails to do so, the court shall select an associate justice as acting Chief Justice.

### § 22. Trial courts of record; officers to perform subordinate judicial duties

Sec. 22. The Legislature may provide for the appointment by trial courts of record of officers such as commissioners to perform subordinate judicial duties.

### § 16. Election of judges; term; vacancy

SEC. 16. (a) Judges of the Supreme Court shall be elected at large and judges of courts of appeal shall be elected in their districts at general elections at the same time and places as the Governor. Their terms are 12 years beginning the Monday after January 1 following their election, except that a judge elected to an unexpired term serves the remainder of the term. In creating a new court of appeal district or division the Legislature shall provide that the first elective terms are 4, 8, and 12 years.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(b) Judges of superior courts shall be elected in their counties at general elections except as otherwise necessary to meet the requirements of federal law. In the latter case the Legislature, by two- thirds vote of the membership of each house thereof, with the advice of judges within the affected court, may provide for their election by the system prescribed in subdivision (d), or by any other arrangement. The Legislature may provide that an unopposed incumbent's name not appear on the ballot.

(c) Terms of judges of superior courts are six years beginning the Monday after January 1 following their election. A vacancy shall be filled by election to a full term at the next general election after the second January 1 following the vacancy, but the Governor shall appoint a person to fill the vacancy temporarily until the elected judge's term begins.

(d)(1) Within 30 days before August 16 preceding the expiration of the judge's term, a judge of the Supreme Court or a court of appeal may file a declaration of candidacy to succeed to the office presently held by the judge. If the declaration is not filed, the Governor before September 16 shall nominate a candidate. At the next general election, only the candidate so declared or nominated may appear on the ballot, which shall present the question whether the candidate shall be elected. The candidate shall be elected upon receiving a majority of the votes on the question. A candidate not elected may not be appointed to that court but later may be nominated and elected.

(2) The Governor shall fill vacancies in those courts by appointment. An appointee holds office until the Monday after January 1 following the first general election at which the appointee had the right to become a candidate or until an elected judge qualifies. A nomination or appointment by the Governor is effective when confirmed by the Commission on Judicial Appointments.

(3) Electors of a county, by majority of those voting and in a manner the Legislature shall provide, may make this system of selection applicable to judges of superior courts.

## § 6. Judicial Council

SEC. 6. (a) The Judicial Council consists of the Chief Justice and one other judge of the Supreme Court, three judges of courts of appeal, 10 judges of superior courts, two nonvoting court administrators, and any other nonvoting members as determined by the voting membership of the council, each appointed by the Chief Justice for a three-year term pursuant to procedures established by the council; four members of the State Bar appointed by its governing body for three-year terms; and one member of each house of the Legislature appointed as provided by the house.

(b) Council membership terminates if a member ceases to hold the position that qualified the member for

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

appointment. A vacancy shall be filled by the appointing power for the remainder of the term.

(c) The council may appoint an Administrative Director of the Courts, who serves at its pleasure and performs functions delegated by the council or the Chief Justice, other than adopting rules of court administration, practice and procedure.

(d) To improve the administration of justice the council shall survey judicial business and make recommendations to the courts, make recommendations annually to the Governor and Legislature, adopt rules for court administration, practice and procedure, and perform other functions prescribed by statute. The rules adopted shall not be inconsistent with statute.

(e) The Chief Justice shall seek to expedite judicial business and to equalize the work of judges. The Chief Justice may provide for the assignment of any judge to another court but only with the judge's consent if the court is of lower jurisdiction. A retired judge who consents may be assigned to any court.

(f) Judges shall report to the council as the Chief Justice directs concerning the condition of judicial business in their courts. They shall cooperate with the council and hold court as assigned.

### § 21. Temporary judges

Sec. 21. On stipulation of the parties litigant the court may order a cause to be tried by a temporary judge who is a member of the State Bar, sworn and empowered to act until final determination of the cause.

### § 14. Publication of opinions; decisions of Supreme Court and courts of appeal

Sec. 14. The Legislature shall provide for the prompt publication of such opinions of the Supreme Court and courts of appeal as the Supreme Court deems appropriate, and those opinions shall be available for publication by any person.

Decisions of the Supreme Court and courts of appeal that determine causes shall be in writing with reasons stated.

### § 4. Superior courts; officers and employees; appellate divisions

Sec. 4. In each county there is a superior court of one or more judges. The Legislature shall prescribe the number

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

of judges and provide for the officers and employees of each superior court. If the governing body of each affected county concurs, the Legislature may provide that one or more judges serve more than one superior court.

In each superior court there is an appellate division. The Chief Justice shall assign judges to the appellate division for specified terms pursuant to rules, not inconsistent with statute, adopted by the Judicial Council to promote the independence of the appellate division.

### § 1. Judicial power; courts of record

SEC. 1. The judicial power of this State is vested in the Supreme Court, courts of appeal, and superior courts, all of which are courts of record.

### § 12. Supreme Court; transfer of causes; review of court of appeals decisions

Sec. 12. (a) The Supreme Court may, before decision, transfer to itself a cause in a court of appeal. It may, before decision, transfer a cause from itself to a court of appeal or from one court of appeal or division to another. The court to which a cause is transferred has jurisdiction.

(b) The Supreme Court may review the decision of a court of appeal in any cause.

(c) The Judicial Council shall provide, by rules of court, for the time and procedure for transfer and for review, including, among other things, provisions for the time and procedure for transfer with instructions, for review of all or part of a decision, and for remand as improvidently granted.

(d) This section shall not apply to an appeal involving a judgment of death.

### § 18. Judges; disqualification; suspension; retirement; formal proceedings; rules; Commission on Judicial Performance

Sec. 18. (a) A judge is disqualified from acting as a judge, without loss of salary, while there is pending (1) an indictment or an information charging the judge in the United States with a crime punishable as a felony under California or federal law, or (2) a petition to the Supreme Court to review a determination by the Commission on Judicial Performance to remove or retire a judge.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(b) The Commission on Judicial Performance may disqualify a judge from acting as a judge, without loss of salary, upon notice of formal proceedings by the commission charging the judge with judicial misconduct or disability.

(c) The Commission on Judicial Performance shall suspend a judge from office without salary when in the United States the judge pleads guilty or no contest or is found guilty of a crime punishable as a felony under California or federal law or of any other crime that involves moral turpitude under that law. If the conviction is reversed, suspension terminates, and the judge shall be paid the salary for the judicial office held by the judge for the period of suspension. If the judge is suspended and the conviction becomes final, the Commission on Judicial Performance shall remove the judge from office.

(d) Except as provided in subdivision (f), the Commission on Judicial Performance may (1) retire a judge for disability that seriously interferes with the performance of the judge's duties and is or is likely to become permanent, or (2) censure a judge or former judge or remove a judge for action occurring not more than 6 years prior to the commencement of the judge's current term or of the former judge's last term that constitutes willful misconduct in office, persistent failure or inability to perform the judge's duties, habitual intemperance in the use of intoxicants or drugs, or conduct prejudicial to the administration of justice that brings the judicial office into disrepute, or (3) publicly or privately admonish a judge or former judge found to have engaged in an improper action or dereliction of duty. The commission may also bar a former judge who has been censured from receiving an assignment, appointment, or reference of work from any California state court. Upon petition by the judge or former judge, the Supreme Court may, in its discretion, grant review of a determination by the commission to retire, remove, censure, admonish, or disqualify pursuant to subdivision (b) a judge or former judge. When the Supreme Court reviews a determination of the commission, it may make an independent review of the record. If the Supreme Court has not acted within 120 days after granting the petition, the decision of the commission shall be final.

(e) A judge retired by the commission shall be considered to have retired voluntarily. A judge removed by the commission is ineligible for judicial office, including receiving an assignment, appointment, or reference of work from any California state court, and pending further order of the court is suspended from practicing law in this State. The State Bar may institute appropriate attorney disciplinary proceedings against any judge who retires or resigns from office with judicial disciplinary charges pending.

(f) A determination by the Commission on Judicial Performance to admonish or censure a judge or former judge of the Supreme Court or remove or retire a judge of the Supreme Court shall be reviewed by a tribunal of 7 court of appeal judges selected by lot.

(g) No court, except the Supreme Court, shall have jurisdiction in a civil action or other legal proceeding of any sort brought against the commission by a judge. Any request for injunctive relief or other provisional remedy shall be granted or denied within 90 days of the filing of the request for relief. A failure to comply with the time requirements of this section does not affect the validity of commission proceedings.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(h) Members of the commission, the commission staff, and the examiners and investigators employed by the commission shall be absolutely immune from suit for all conduct at any time in the course of their official duties. No civil action may be maintained against a person, or adverse employment action taken against a person, by any employer, public or private, based on statements presented by the person to the commission.

(i) The Commission on Judicial Performance shall make rules implementing this section, including, but not limited to, the following:

(1) The commission shall make rules for the investigation of judges. The commission may provide for the confidentiality of complaints to and investigations by the commission.

(2) The commission shall make rules for formal proceedings against judges when there is cause to believe there is a disability or wrongdoing within the meaning of subdivision (d).

(j) When the commission institutes formal proceedings, the notice of charges, the answer, and all subsequent papers and proceedings shall be open to the public for all formal proceedings instituted after February 28, 1995.

(k) The commission may make explanatory statements.

(l) The budget of the commission shall be separate from the budget of any other state agency or court.

(m) The Supreme Court shall make rules for the conduct of judges, both on and off the bench, and for judicial candidates in the conduct of their campaigns. These rules shall be referred to as the Code of Judicial Ethics.

## § 11. Appellate jurisdiction

Sec. 11. (a) The Supreme Court has appellate jurisdiction when judgment of death has been pronounced. With that exception courts of appeal have appellate jurisdiction when superior courts have original jurisdiction in causes of a type within the appellate jurisdiction of the courts of appeal on June 30, 1995, and in other causes prescribed by statute. When appellate jurisdiction in civil causes is determined by the amount in controversy, the Legislature may change the appellate jurisdiction of the courts of appeal by changing the jurisdictional amount in controversy.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(b) Except as provided in subdivision (a), the appellate division of the superior court has appellate jurisdiction in causes prescribed by statute.

(c) The Legislature may permit courts exercising appellate jurisdiction to take evidence and make findings of fact when jury trial is waived or not a matter of right.

## § 10. Jurisdiction; habeas corpus and proceedings for extraordinary relief; original jurisdiction of superior courts; comments on evidence and credibility of witnesses

SEC. 10. The Supreme Court, courts of appeal, superior courts, and their judges have original jurisdiction in habeas corpus proceedings. Those courts also have original jurisdiction in proceedings for extraordinary relief in the nature of mandamus, certiorari, and prohibition. The appellate division of the superior court has original jurisdiction in proceedings for extraordinary relief in the nature of mandamus, certiorari, and prohibition directed to the superior court in causes subject to its appellate jurisdiction.

Superior courts have original jurisdiction in all other causes.

The court may make any comment on the evidence and the testimony and credibility of any witness as in its opinion is necessary for the proper determination of the cause.

## § 13. Reversal for error resulting in miscarriage of justice

Sec. 13. No judgment shall be set aside, or new trial granted, in any cause, on the ground of misdirection of the jury, or of the improper admission or rejection of evidence, or for any error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice.

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT C

# Chambers of the Chief Justice
## SUPREME COURT OF CALIFORNIA
### 350 McALLISTER STREET
### SAN FRANCISCO, CA 94102-3660

994389-06

THE HONORABLE CONRAD L. COX, Retired Judge of the Superior Court of California, County of Mendocino, is hereby assigned to sit as a Judge of the Superior Court of California, County of Mendocino, on the following date(s):

October 27, 2006

and until completion and disposition of all causes and matters heard pursuant to this assignment.

Dated:  October 25, 2006

Ronald M. George
Chief Justice of California and
Chairperson of the Judicial Council

cc:  Presiding Judge
      Hon. Conrad L. Cox

**Original On File With AOC**

EXHIBIT $D$

Westlaw.

Cal.Rules of Court, Rule 2.831

**C**Formerly cited as CA ST PRETRIAL AND TRIAL Rule 243.31

WEST'S ANNOTATED CALIFORNIA CODES
CALIFORNIA RULES OF COURT
TITLE 2. TRIAL COURT RULES
DIVISION 6. APPOINTMENTS BY THE COURT OR AGREEMENT OF THE PARTIES
CHAPTER 2. TEMPORARY JUDGES REQUESTED BY THE PARTIES
→**Rule 2.831. Temporary judge--stipulation, order, oath, assignment, disclosure, and disqualification**

**(a) Stipulation**

When the parties request that an attorney be designated by the court to serve as a temporary judge on a case, the stipulation of the parties that a case may be tried by a temporary judge must be in writing and must state the name and office address of the member of the State Bar agreed on. The stipulation must be submitted for approval to the presiding judge or the judge designated by the presiding judge.

**(b) Order, oath, and certification**

The order designating the temporary judge must be signed by the presiding judge or the presiding judge's designee and refer to the stipulation. The stipulation and order must then be filed. The temporary judge must take and subscribe the oath of office and certify that he or she is aware of and will comply with applicable provisions of canon 6 of the Code of Judicial Ethics and the California Rules of Court.

**(c) When the temporary judge may proceed**

The temporary judge may proceed with the hearing, trial, and determination of the cause after the stipulation, order, oath, and certification have been filed.

**(d) Disclosure to the parties**

In addition to any other disclosure required by law, no later than five days after designation as a temporary judge or,

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Page 2

Cal.Rules of Court, Rule 2.831

if the temporary judge is not aware of his or her designation or of a matter subject to disclosure at that time, as soon as practicable thereafter, a temporary judge must disclose to the parties any matter subject to disclosure under the Code of Judicial Ethics.


**(e) Disqualification**


In addition to any other disqualification required by law, a temporary judge requested by the parties and designated by the court under this rule must disqualify himself or herself as provided under the Code of Judicial Ethics.


**(f) Motion to withdraw stipulation**


A motion to withdraw a stipulation for the appointment of a temporary judge must be supported by a declaration of facts establishing good cause for permitting the party to withdraw the stipulation, and must be heard by the presiding judge or a judge designated by the presiding judge. A declaration that a ruling is based on error of fact or law does not establish good cause for withdrawing a stipulation. Notice of the motion must be served and filed, and the moving party must mail or deliver a copy to the temporary judge. If the motion to withdraw the stipulation is based on grounds for the disqualification of the temporary judge first learned or arising after the temporary judge has made one or more rulings, but before the temporary judge has completed judicial action in the proceeding, the provisions of rule 2.816(e)(4) apply. If a motion to withdraw a stipulation is granted, the presiding judge must assign the case for hearing or trial as promptly as possible.


Current with amendments received through December 15, 2007, except State Bar
Rules, which are current with amendments received through June 15, 2007


© 2008 Thomson/West


END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **WHITE, Michael S. v. Judge Conrad L. Cox, et al.**

No.:   **C 07-38151-MEJ**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On February 4, 2008, I served the attached NOTICE OF HEARING; MOTION TO DISMISS COMPLAINT [Rule 12(b), F.R.C.P.,]; POINTS AND AUTHORITIES IN SUPPORT THEREOF by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA  94102-7004, addressed as follows:

Michael S. White, Pro Se
P.O. Box 304
Hopland, CA 95449

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on February 4, 2008, at San Francisco, California.

| Lorraine Smith | /s/ Lorraine Smith |
|:---:|:---:|
| Declarant | Signature |

40214088.wpd