UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL S. WHITE,

    Plaintiff,

    v.

CONRAD L. COX, et al.,

    Defendants.

_____/

No. C 07-3815 PJH

**ORDER GRANTING MOTION TO DISMISS**

Before the court is the defendants' motion for an order dismissing the above-entitled action for lack of subject matter jurisdiction and for failure to state a claim. Plaintiff filed no written opposition to the motion. Having read defendants' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendants' motion.

In June 2006, Michael S. White, plaintiff in the present action, and his wife Stacy White, filed an action in the Superior Court of California, County of Mendocino, seeking a declaratory judgment that Mendocino County Recorder Marsha A. Wharff had exceeded the scope of her authority in recording a notice of tax lien submitted for recording by the Internal Revenue Service.

In July 2006, the United States (not named as a defendant) removed the action to this court, as case No. C-06-4137 PJH. The plaintiffs filed a motion to remand, which the

court granted in September 2006, on the ground that removal was improper because the United States was not a party at the time of removal.

The United States then filed a motion to intervene in the remanded state court action, and that motion was granted on October 27, 2006, by defendant Superior Court Judge Conrad L Cox, sitting by assignment made by the Honorable Ronald M. George, Chief Justice of California and Chairperson of the Judicial Council.

The United States removed the action, and the newly-removed case was assigned case number C-06-6884 PJH and was related to the earlier-removed case, C-06-4137 PJH. (The two cases were, however, the same case.) On December 5, 2006, the United States filed a motion to dismiss, which was granted in an order issued January 24, 2007. See Order Granting Motion To Dismiss, White v. Wharff, C-06-4137 PJH (N.D. Cal., Jan. 24, 2007).

Meanwhile, plaintiff Michael White filed with the California Court of Appeal a notice of appeal of the order granting the United States' motion to intervene in the state court action. In addition, on December 8, 2006, plaintiff filed with the Mendocino County Superior Court a "petition to vacate" Judge Cox's order allowing the United States to intervene. The appeal was dismissed on March 7, 2007, and plaintiff's motion for reconsideration was denied on April 25, 2007.

On July 25, 2007, plaintiff Michael White filed the present action against Judge Cox and Cindee Mayfield, Presiding Judge of the Mendocino County Superior Court, alleging violation of his due process rights, under 42 U.S.C. § 1983, and also alleging "failure to have a current oath of office and bond" pursuant to 5 U.S.C. § 3331.

Defendants argue that absolute judicial immunity bars this suit against Judge Cox and Judge Mayfield; that the district court lacks jurisdiction to review state court judgments and orders; and that the suit is barred by the Eleventh Amendment to the United States Constitution; and that the State of California and its judicial officers acting in their official capacity are not "persons" subject to 42 U.S.C. § 1983.

The court finds that the case must be dismissed for lack of subject matter

jurisdiction. A state judge is absolutely immune from civil liability for damages for acts performed in his judicial capacity. See Pierson v. Ray, 386 U.S. 547, 553-55 (1967). This is true "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 356 (1978). An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his or her judicial capacity. Id. at 362.

Judge Cox was assigned as a judge of the California Superior Court by order of the Chief Justice of California. The Chief Justice of California is empowered by the State Constitution to appoint a retired judge to "any court." Cal. Const., Art. 6, sec. 6(e). Judge Cox is a retired Superior Court judge. Neither the California Constitution nor the California Rules of Court require that Superior Court judges post a bond.

Plaintiff cites Rule 243.31 of the California Rules of Court in support of his claim that Judge Cox lacked jurisdiction. Rule 243.31 applies to "temporary judges," who are members of the State Bar of California who are appointed as judges pursuant to stipulation by the parties in a particular case. Judge Cox entered the orders in plaintiff's case in his capacity as a Judge of the Superior Court, sitting in the Mendocino County Superior Court by assignment of the Chief Justice, not as a "temporary judge."

Defendants are also entitled to Eleventh Amendment immunity as judicial officers of the California Superior Court acting in their official capacity. Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); Austin v. State Indus. Insur. Sys., 939 F.2d 676, 677 (9th Cir. 1991). Relying in part on this concept of Eleventh Amendment immunity, the Supreme Court has ruled that state officials acting in their official capacity are not "persons" who may be sued under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

Finally, to the extent that plaintiff filed this action in an attempt to seek review of the actions of the Mendocino County Superior Court or the California Court of Appeal, the court notes that it lacks jurisdiction under the Rooker-Feldman doctrine. Because jurisdiction to review state court judgments is vested exclusively in the U.S. Supreme Court, 28 U.S.C. §

1257, federal district courts are not empowered to do so. Atlantic Coast Line R.R. Co. v. B'hd of Locomotive Eng'rs, 398 U.S. 281, 296 (1970); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923).

"Thus, a district court may not adjudicate an action seeking to reverse or nullify a final state court judgment. Nor may it adjudicate issues 'inextricably intertwined' with those adjudicated by the state court (e.g., claims that the judgment violates the losing party's constitutional rights." Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial (2007) § 2:1380 (citing Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292-93 (2005)).

Here, the state court decided that the United States should be permitted to intervene in plaintiff's litigation involving a federal tax lien. The matter became final in the California Court of Appeals' decision on May 30, 2007. The Court of Appeals' docket reflects that plaintiff did not file a petition for review with the California Supreme Court. As explained above, this court has no jurisdiction over issues that are inextricably intertwined with allegations underlying the judgment of a state court, even when the challenge to the state court decision involves federal constitutional claims.

Accordingly, the court finds that defendants' motion must be GRANTED. Because the court lacks subject matter jurisdiction, the dismissal is WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: March 10, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge